DA 21-0454

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 147N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

NEIL LYNN NUNES,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Ninth Judicial District,
In and For the County of Teton, Cause Nos. DC 19-028, DC 19-031, DC 20-001
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

       For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant Attorney General, Helena, Montana

          Joe Coble, Teton County Attorney, Jennifer Stutz, Deputy County Attorney, Choteau, Montana

Submitted on Briefs:  June 12, 2024
Decided:  July 16, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Neil Lynn Nunes appeals from the April 6, 2021, denial of his motions to dismiss for lack of speedy trial in three consolidated criminal cases.  We affirm.

¶3     On December 3, 2019, the State charged Nunes with Failure to Give Notice of Change of Residence, a felony, in violation of § 46-23-505, MCA (Case One).[1]  On December 16, 2019, Nunes was charged with Intimidation, a felony, in violation of § 45-5-203, MCA, or in the alternative Tampering with Witnesses or Informants, a felony, in violation of § 45-7-206, MCA (Case Two).  On February 25, 2020, Nunes was charged with two additional felony counts of Tampering with Witnesses or Informants (Case Three).

¶4     The cases were joined in the District Court and trial was set for July 16, 2020. Nunes's jury trial was delayed several times and Nunes filed motions to dismiss for lack of a speedy trial.  The District Court denied the motions and the cases eventually went to

---

[1] Three criminal cases were filed against Nunes and consolidated below.  Three corresponding appeals were taken and similarly consolidated here.  For ease of reference, we will refer to them as Case One (corresponding to DC 19-28 and DA 21-0454); Case Two (corresponding to DC 19-31 and DA 21-0455); and Case Three (corresponding to DC 20-01 and DA 21-0456).

trial on April 12, 2021. The delays resulted in 496 days from the date of formal accusation until trial in Case One, 484 days in Case Two, and 413 days in Case Three. The jury found him guilty of Failure to Notice Change of Residence and three counts of Tampering with Witnesses. Nunes appeals only the denial of his motions to dismiss.

¶5 We review a court's factual findings underlying a speedy trial ruling for clear error and its legal conclusions for correctness. *State v. Hesse*, 2022 MT 212, ¶ 6, 410 Mont. 373, 519 P.3d 462. Courts use a four-factor balancing test to determine if a criminal defendant's constitutional right to a speedy trial has been violated, considering: the length of the delay, the reasons for the delay, the accused's responses to the delay, and prejudice to the accused. *Hesse*, ¶ 9.

¶6 On June 25, 2020, Nunes moved to continue the trial to November 23, 2020. The District Court reset the trial date for December 21, 2020. On appeal, Nunes argues that the District Court clearly erred in attributing 158 days of delay to Nunes under the second factor because he was forced to continue the trial so discovery could be provided by the State in Case Three. Depending on the circumstances, delay requested by one party may be attributable to the other party. *State v. Ariegwe*, 2007 MT 204, ¶ 66, 338 Mont. 442, 167 P.3d 815. Here, however, the District Court did not clearly err in attributing the 158 days to Nunes. A review of the record shows that the State had provided Nunes with all necessary discovery in Case Three before Nunes's motion to continue the trial, that Nunes never filed a motion compelling other discovery, and that the only discovery provided after Nunes's motion was the Justice Court Order for Bond and Conditions of Release. Nunes

3

does not point to any other discovery which necessitated delay. The court did not err in attributing 158 days of the delay to Nunes.[2]

¶7 Nunes and the State agree that the rest of the delay was institutional delay. The first period of delay (202 days in Case One, 189 days in Case Two, and 118 days in Case Three) was reasonable institutional delay for pretrial preparation. As discussed above, Nunes then delayed his three cases by 158 to 182 days for no apparent reason. A third delay of 49 days occurred when the court issued an order resetting the trial due to another case taking precedence on the same day. Crowded dockets are considered institutional delay, which are weighed minimally against the state. *Ariegwe*, ¶ 108; *Hesse*, ¶ 13. Finally, there was an additional delay of 64 days when the court again rescheduled the trial due to COVID-19 concerns. This is also institutional delay weighed minimally against the State. *Hesse*, ¶ 13. After the initial delay attributable to pretrial preparation, the majority of the delay was caused by Nunes or only weighed minimally against the State. The balance of this factor does not tend to show a speedy trial violation.

¶8 Both parties agree that Nunes asserted his right to a speedy trial under the third *Ariegwe* factor. Nunes filed two pro se petitions for writ of habeas corpus with this Court and another motion to dismiss in the District Court. *See Nunes v. State*, No. OP 20-0618, Order (Mont. Jan. 12, 2021); *Nunes v. State*, No. OP 21-0078, Order (Mont. Mar. 2, 2021). However, these motions only came after Nunes had caused a substantial delay in his trial and the remaining delays were unavoidable by the State and the District Court due to

---

[2] There was an additional 24 days of delay attributable to Nunes in Case One which is not at issue here.

COVID-19 and its subsequent crowded docket. Although this factor weighs in Nunes's favor, it does not weigh as heavily as Nunes asserts considering the totality of the circumstances here.

¶9 Finally, courts evaluate the prejudice to the accused caused by the delay such as minimizing impairment of liberty and shortening disruption of life. *Ariegwe*, ¶¶ 86–87. Nunes contends the fact that he was incarcerated for 483 days shows the impact of the lengthy and oppressive incarceration on him. He argues that a presumption of prejudice is triggered when the delay exceeds 200 days, citing *Ariegwe*, ¶ 56. We agree insofar as where the delay attributed to the State exceeds 200 days, we will require "less proof of prejudice from the defendant and a greater showing of lack of prejudice from the State." *State v. Heath*, 2018 MT 318, ¶ 24, 394 Mont. 41, 432 P.3d 141. The defendant and the State both have the burden to prove or disprove prejudice. *Ariegwe*, ¶ 58.

¶10 However, an important consideration is misconduct on the part of the accused that relates to pretrial incarceration. *Ariegwe*, ¶ 92. Here, the record shows that Nunes had secured a bond for release on his initial charge. *Accord Heath*, ¶ 25. He then engaged in multiple instances of witness tampering that led to three additional felony charges and an increased bond which he never secured. The fact that Nunes was incarcerated during the pendency of his proceedings is attributable to his own actions. Moreover, Nunes does not contest that the detention facility he was housed in had inadequate facilities. Nunes does not present any evidence of increased anxiety or concern due to the delay in trial. Nor does he argue that his defense was impaired by the delay, which is the "most serious" of the interests that the speedy trial right was designed to protect. *Ariegwe*, ¶ 98.

5

¶11     Balancing the four factors here with all relevant circumstances, we cannot say that the institutional delay caused by COVID-19 and a crowded docket denied Nunes's right to a speedy trial after he had caused the initial lengthy delay for no apparent reason and has not demonstrated prejudice resulting from the increased delay.  *Accord Hesse*, ¶ 24.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON